**IN THE COURT OF APPEALS OF IOWA**

No. 19-0049
Filed July 1, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**SCOTT A. THOMPSON,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Heather Lauber, Judge.

On interlocutory appeal, Scott Thompson challenges the district court's denial of his request for a pretrial hearing on immunity from prosecution under Iowa's "stand your ground" law. **AFFIRMED.**

Thomas J. Anderson of Thomas J. Anderson, P.C., L.L.O., Papillion, Nebraska, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**DOYLE, Judge.**

Scott Thompson was charged by trial information with willful injury causing bodily injury, domestic abuse assault with a dangerous weapon, and domestic abuse assault causing bodily injury. He filed a notice of defense of self-defense under Iowa Rule of Criminal Procedure 2.11(11)(c) (2018),[1] a motion to enforce immunity under Iowa Code section 704.13 (2017),[2] and a motion for hearing on immunity. Thompson asserted he was "entitled to an immunity hearing to determine if he should be relieved from further prosecution," and asked for an "evidentiary hearing; hear testimony and review the substantial evidence; find that [Thompson] is immune from further prosecution herein; and dismiss [the] action." The district court denied Thompson's request for a pretrial immunity hearing. The supreme court granted Thompson's application for interlocutory appeal.

After all the briefing was completed and the case transferred to this court, the supreme court decided *State v. Wilson*, 941 N.W.2d 579 (Iowa 2020). In that appeal, as here, the defendant argued that section 704.13 "entitled him to a pretrial evidentiary hearing where he could have presented his justification defense and been vindicated without the need for a trial." *Id.* at 581. The court found "that the

---

[1] Iowa Rule of Criminal Procedure 2.11(11)(c) provides: "If Defendant intends to rely on the defense of . . . self-defense, the defendant shall . . . file written notice of such intention."

[2] Iowa Code section 704.13 provides that "[a] person who is justified in using reasonable force against an aggressor in defense of oneself, another person, or property pursuant to section 704.4 is immune from criminal or civil liability for all damages incurred by the aggressor pursuant to the application of reasonable force." Section 704.4 states that "[a] person is justified in the use of reasonable force to prevent or terminate criminal interference with the person's possession or other right in property." Section 704.1(3) provides that "[a] person who is not engaged in illegal activity has no duty to retreat from any place where the person is lawfully present before using force as specified in this chapter."

2017 legislation does not require pretrial hearings. Significantly, section 704.13 provides an immunity from 'liability,' not an immunity from 'prosecution' as in some other states with stand-your-ground laws." *Id*. After its analysis, the court held Wilson "had no right to a pretrial hearing on justification." *Id*. at 590. The court also rejected Wilson's argument that the lack of a pretrial hearing meant his proceedings were fundamentally unfair. *Id*. at 591. The *Wilson* holding resolves this appeal, so we affirm the district court's denial of Thompson's request for a pretrial hearing on immunity from prosecution.

**AFFIRMED.**